# HENRY JACKSON
## V.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—False Pretenses—Trial by Court—Admission of Incompetent Evidence—Error without Prejudice.*

This court declines to interfere with the findings of the court below, in a trial by that court without a jury, of an indictment charging the defendant with obtaining money by means of false pretenses, although certain incompetent evidence was admitted, there being sufficient competent and undisputed evidence to sustain his conviction.

[Opinion filed July 13, 1887.]

IN ERROR to the Criminal Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. FORREST & MAY, for plaintiff in error.

Mr. JULIUS GRINNELL, State's Attorney, for defendant in error.

*Per Curiam.* Henry Jackson, the plaintiff in error, was tried at the February term, 1886, of the Criminal Court, upon an indictment in due form, charging him with having obtained from one Hines the sum of $110 by means of false and fraudulent pretenses made in the sale by the former to the latter of a worthless horse, and he was sentenced to six months imprisonment and to pay a fine of one dollar, upon which he brings error to this court.

Much evidence was given on the part of the prosecution and none by the defendant below, so that there was no conflict of testimony.

We think there was sufficient competent evidence to prove the defendant guilty of the offense charged in the indictment, beyond all reasonable doubt, and we do not find any basis for any of the exceptions taken on the trial except such as were made to the admission of some portions of the testimony of Morgan, a witness for the prosecution, which may be obnoxious to the objection of being hearsay as to one part of it, and to the objection of giving parol evidence of the contents of a certain advertisement said to have been published in a newspaper, without sufficiently accounting for the non-production of the paper itself or sufficiently connecting Jackson therewith as to another part.

There was such evidence which the court admitted against the defendant's objection, and refused to strike out and exclude on his motion which was not competent and which was material. But there was no jury. The case not being one of felony, it was, by agreement, tried by the court without a jury. The objectionable testimony was cumulative, and from our consideration of the strictly competent evidence, we think, there being none in conflict with it, there was sufficient of such competent evidence to establish the defendant's guilt within the rule of certainty required in criminal cases. If so, then how could he have been prejudiced by the inadvertence of the presiding judge who excluded much testimony of a similar character, though failing to exclude all of it?

All of the points of law, made upon the effect of the written contract for the sale of the horse or Jackson's warranty, are

disposed of adversely to him in Jackson v. People, 18 Ill. App. 508. We think the conviction should be affirmed.

*Judgment affirmed.*